Sheehan & Associates, P.C.
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Telephone: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

Reese LLP
Michael R. Reese
100 W 93rd St Fl 16
New York NY 10025-7524
Telephone: (212) 643-0500
Fax: (212) 253-4272
*mreese@reesellp.com*

United States District Court
Eastern District of New York                                        2:20-cv-02571

Paul Lepore, individually and on behalf of all
others similarly situated,

                              Plaintiff,

            - against -                                             Complaint

Molekule, Inc.,

                              Defendant

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining

to plaintiff, which are based on personal knowledge:

1.      Molekule Inc. ("defendant") manufactures, distributes, markets, labels and sells air

purifiers under its "Air" brand ("Products").

2.      Defendant markets several Products with conspicuous claims that the air purifiers

will "destroy" germs and "eliminate" indoor air pollution.

3.      Defendant claims that its air purifiers eliminate dust, pollen and other contaminates.

4.      Defendant also claims that its air purifiers are superior to HEPA (High Efficiency

1

Particulate Arresting) air purifiers for removing allergens from the home.




5.     Indoor air pollution and air quality are a major concern for many consumers, particularly those with severe allergies or asthma.

6.     There are a wide range of non-medical devices marketed directly to these consumers, including air purifiers.

7.     Defendant markets and sells the Products as being highly effective at combating indoor air pollution and improving indoor air quality, claiming that the air purifiers will completely eliminate indoor air pollution.

8.     Defendant's website advertises to consumers, "Until now, purifiers have attempted to collect pollutants on filters where they can multiply and release back into the air. Forget the

past. Destroy pollutants instead."[1]

9.    Defendant's website has also claimed, "Finally, an air purifier that actually works …
Until now, air purifiers have attempted to collect pollutants on filters where they can multiply and
be released back into the air. Molekule's revolutionary nanotechnology destroys pollutants at the
molecular level."[2]

10.    Additionally, defendant sought to quantify the number of pollutants "destroyed:"

- "Destroys 3.4 million black mold spores in 50 minutes;"

- "Destroys 1 million allergens in 4 minutes;"

- "Destroys 3.4 million ms2 viruses in 2 minutes;" and

- "Destroys 3.7 million bacteria in 5 minutes."[3]

11.    Defendant has also claimed its filter technology, PECO (photoelectrochemical
oxidation), is superior to HEPA technology,

12.    For example, defendant claimed, "Our scientifically proven nanotechnology
outperforms HEPA filters in every category of pollutant from well-known allergens like dust,
pollen, and pet dander to microscopic pollutants like mold, viruses, bacteria and gaseous
chemicals."[4]

13.    Defendant's Products do not remove impurities from the air to the extent advertised
and fail to perform as represented.

14.    Defendant's branding, advertising and packaging of the Product is designed to – and
does – deceive, mislead, and defraud consumers.

---

[1] https://www.nytimes.com/wirecutter/wp-content/uploads/2020/02/Molekule-Case-Report-6314.pdf
[2] *Id.*
[3] *Id*.
[4] *Id*.

15.     Defendant has sold more of the Products and at higher prices per unit than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

16.     The marketing of the Product as being able to e.g. "destroy" pollutants and being of a higher quality than HEPA air purifiers has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

17.     The value of the Product that plaintiff purchased and used was materially less than its value as represented by defendant.

18.     Had plaintiff and class members known the truth, they would not have bought the Products or would have paid less for them.

19.     The Product contains other representations which are misleading and deceptive.

20.     As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $799 for the Molekule Air Purifier, excluding tax, compared to other similar products represented in a non-misleading way.

Jurisdiction and Venue

21.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

22.     Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

23.     The aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

24.     This is a reasonable assumption because defendant's Products are sold across the country at a high price and the claims at issue have been made for several years.

25.     Plaintiff Paul Lepore is a citizen of New York.

26.     Defendant is a Delaware corporation with a principal place of business in San Francisco, San Francisco County, California and is a citizen of California and upon information and belief, at least one member of defendant is not a citizen of New York.

27.     This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to provide and/or supply and provides and/or supplies services and/or goods within New York.

28.     Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

29.     A substantial part of events and omissions giving rise to the claims occurred in this District.

<u>Parties</u>

30.     Plaintiff Paul Lepore is a resident of Suffolk County, New York and a citizen of New York.

31.     Defendant Molekule, Inc. is a Delaware corporation with a principal place of business in San Francisco, California, San Francisco County and at least one of its members reside in states other than New York.

32.     During the relevant statutes of limitations, plaintiff purchased the Product in his district and States for personal use in reliance on the representations.

33.     Plaintiff would not have purchased the Product had he been aware that some or all of the claims were not true and were misleading and inaccurate.

<u>Class Allegations</u>

34.     The classes will consist of all purchasers of the Product in New York and the other

forty-nine (49) states during the applicable statutes of limitations and a national class where applicable.

35.    Plaintiff will also seek a class under Rule 23(b)(2) for injunctive relief.

36.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

37.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

38.    Plaintiff is an adequate representative because his interests do not conflict with other members.

39.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

40.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

41.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

42.    Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350</u>
<u>(Consumer Protection Statute)</u>

43.    Plaintiff incorporates by reference all preceding paragraphs.

44.    Plaintiff and class members desired to purchase and use indoor air purifiers which possessed the capabilities described by defendant.

45.    Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

46.    Defendant advertised and represented to consumers that the Products were more

effective at eliminating airborne pollutants and allergens than the Products were, among other claims.

47.     Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

48.     Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

49.     Plaintiff incorporates by reference all preceding paragraphs.

50.     Defendant advertised and represented to consumers that the Products were more effective at eliminating airborne pollutants and allergens than the Products were, among other claims.

51.     Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

52.     Defendant is as a company which consumers placed great trust in, reinforced by the company name, "Molekule."

53.     The representations took advantage of consumers' unflinching belief in "scientific" claims and their inability to cut through "data" to get to the truth.

54.     Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

55.     Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*</u>

56.  Plaintiff incorporates by reference all preceding paragraphs.

57.  The Products were manufactured, marketed, promoted and sold by defendant and warranted to Plaintiff and class members that they were capable of performing all of the functions they advertised, when they could not.

58.  Defendant breached its duty to disclose and/or provide non-deceptive statements about the Products' capabilities.

59.  This duty is based, in part, on defendant's outsized role in the market for indoor air purifiers.

60.  Plaintiff provided or will provide notice to defendant, and to its agents, representatives and their employees.

61.  Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years.

62.  The Products did not conform to their affirmations of fact and promises due to defendant's actions and were not merchantable.

63.  Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

64.  Plaintiff incorporates by reference all preceding paragraphs.

65.  Defendant advertised and represented to consumers that the Products were more effective at eliminating airborne pollutants and allergens than the Products were.

66.  Defendant's fraudulent intent is evinced by its knowledge that some or all of the claims it made were not supported.

67.   Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

68.   Plaintiff incorporates by reference all preceding paragraphs.

69.   Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

  **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, restitution and disgorgement for members of the State Subclasses pursuant to the applicable laws of their States;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   June 9, 2020

                                    Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

Reese LLP
Michael R. Reese
100 W 93rd St Fl 16
New York NY 10025-7524
Telephone: (212) 643-0500
Fax: (212) 253-4272
*mreese@reesellp.com*

2:20-cv-02571
United States District Court
Eastern District of New York

Paul Lepore, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Molekule, Inc.,

Defendant

## Complaint

```
Sheehan & Associates, P.C.
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
   Tel: (516) 303-0552
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  June 9, 2020

/s/ Spencer Sheehan
Spencer Sheehan